**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT**

SUFFOLK, SS                                                            Civil Action No. 13-2373 E

|   |   |
|---|---|
| AUGUSTA COOKS, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) JURY DEMANDED |
| v. | ) ) ) |
| COVERALL NORTH AMERICA, INC. and COVERALL OF BOSTON, INC., | ) ) ) |
| Defendants. | ) ) |

**CLASS ACTION COMPLAINT**

## I.   INTRODUCTION

1.   Plaintiff brings this action on behalf of himself and all other individuals who have purchased cleaning "franchises" from Defendant Coverall North America, Inc. and/or Coverall of Boston, Inc. and/or Coverall of Worcester ("Coverall") and, since July 2010, have performed cleaning services for Coverall in Massachusetts. As set forth below, Coverall has improperly misclassified its cleaning workers as independent contractors in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B. In this action, the above-named plaintiff seeks to recover, on his own behalf and on behalf of all similarly situated individuals, compensation for Coverall's violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B and

related wage law violations, statutory trebling of damages, and attorneys' fees and costs, as provided for by law.

## II. PARTIES

2. Plaintiff Augusta Cooks is an adult resident of Malden, Massachusetts. He performed cleaning services for Coverall in Massachusetts from approximately 1995 to until 2012.

3. This is a class action that the named plaintiff brings on his own behalf and on behalf of all others similarly situated, namely all other individuals who have purchased cleaning "franchises" from Defendant Coverall North America, Inc. and/or Coverall of Boston, Inc. and/or Coverall of Worcester ("Coverall") and, since July 2010, have performed cleaning services for Coverall in Massachusetts. This class is certifiable pursuant to Mass. Gen. L. c. 149 § 150 and also meets all of the requirements of Rule 23 of the Massachusetts Rule of Civil Procedure.

4. Defendant Coverall North America, Inc. is a Delaware corporation with its principal place of business in Boca Raton, Florida.

5. Defendant Coverall of Boston, Inc. is a Massachusetts corporation that is a regional office or affiliate of Coverall North America, Inc. and carries out Coverall's operations in Massachusetts out of its office in Stoneham, Massachusetts.

## III. STATEMENT OF FACTS

6. Coverall North America, Inc. (both itself and through its regional offices and affiliates, including Coverall of Boston, Inc. and Coverall of

Worcester) employs thousands of cleaning workers across the United States to perform cleaning work for customers who negotiate cleaning services accounts with Coverall. Hundreds of these cleaning workers, including the above-named plaintiff, have worked out of the Boston or Worcester offices.

7. Coverall requires its cleaning workers to sign standard-form "franchise agreements" in order to obtain work, and classifies the cleaning workers as independent contractor "franchisees."

8. Pursuant to these standard-form franchise agreements, workers pay substantial sums of money as "franchise fees" (ranging from approximately $6,000 to more than $30,000) in order to obtain cleaning work.

9. In exchange for these large franchise fees, Coverall purports to guarantee a certain level of monthly income from cleaning accounts beginning after the workers have made down payments to purchase their franchise and completed their training period.

10. However, the workers typically do not receive the level of income they were promised or had expected when they paid these "franchise fees". Systematically, Coverall cleaning workers do not receive sufficient or adequate work as promised to produce the guaranteed level of income.

11. Coverall purports to classify its cleaning workers as independent contractors. However, these workers are in fact employees under Mass. Gen. L. c. 149 § 148B.

12. The cleaning workers perform services within Coverall's usual course of business, which is to provide commercial cleaning services to customers.

13. Also, Coverall instructs the cleaning workers in how to do their work.

14. The cleaning workers generally do not work in an independently established trade, occupation, profession, or business.

15. Coverall retains the exclusive right to perform all billing and collection for cleaning services provided by the cleaning workers and to deduct any fees from these collections before remitting payment to workers.

16. All cleaning customers must enter into cleaning contracts with Coverall.

17. Coverall claims to have developed "as the result of the expenditure of time, skill, effort, and money" the cleaning system used by its cleaning workers.

18. Coverall provides training on cleaning techniques to its workers and provides them with uniforms and identification badges.

19. Coverall receives a percentage of the revenue earned on all work performed by the cleaning workers.

20. Pursuant to Coverall's franchise agreement, the cleaning workers are required to perform cleaning services exclusively for Coverall's clients.

21. The federal court has granted summary judgment in favor of the Coverall workers (in a certified class action) on their claim that they have been misclassified under the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 §148B, ruling that the individuals who perform cleaning services for Coverall

in Massachusetts are Coverall's employees as a matter of law. Awuah v. Coverall North America, Inc., 707 F.Supp.2d 80 (D. Mass. 2010).

22. Similarly, the Massachusetts Supreme Judicial Court ruled in 2006 that a Coverall cleaning worker was an employee of Coverall and thus was eligible for unemployment compensation upon the loss of her job, in Coverall North America, Inc. v. Com'r of Div. of Unemployment Assistance, 447 Mass. 852 (2006).

23. Because of their misclassification by Coverall as independent contractors, the cleaning workers have not received the compensation and other benefits that inure from the employment relationship under law.

24. For example, Coverall's cleaning workers have to pay Coverall for the cleaning work they receive, through initial franchise fees (down payments and promissory note payments) and additional business fees, often totaling thousands of dollars.

25. Additionally, Coverall makes numerous deductions from its cleaning workers' pay, which constitute improper deductions from wages. These are payments that employees should not be required to make. For example, Coverall deducts insurance payments, interest payments on promissory notes, payments for cleaning supplies, etc.

26. Coverall's cleaning workers are not guaranteed the minimum wage for the work they perform, and they do not receive one and one-half times their regular rate for hours worked in excess of 40 hours per week.

27. Coverall also withholds workers' pay (and/or requires workers to pay Coverall back for previously performed work) when it contends that Coverall clients have not paid their bills.

## COUNT I

### Misclassification as independent contractors
### Mass. Gen. L. c. 149 §148B

Coverall has knowingly and willfully misclassified its cleaning workers in Massachusetts as independent contractors instead of employees, in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 §148B. This claim is asserted pursuant to Mass. Gen. L. c. 149 §150.

## COUNT II

### Wage Act violations – Mass. Gen. L. c. 149 § 148

Coverall has knowingly and willfully violated the Wage Act, in that, e.g., Coverall charged its workers for a job (in the form of franchise fees and additional business fees), made unlawful deductions from their paychecks and required them to pay fees and expenses that they should not have had to pay as employees (such as for insurance, supplies, etc.), and did not timely pay them for their work, in violation of Mass. Gen. L. c. 149 § 148. This claim is asserted pursuant to Mass. Gen. L. c. 149 §150.

## COUNT II

### Minimum wage and overtime – Mass. Gen. L. c. 151 §§ 1, 1A

Coverall has knowingly and willfully failed to pay its workers in Massachusetts minimum wage and overtime for all work performed in excess of

40 hours per week, in violation of Mass. Gen. L. c. 151 §§ 1 and 1A. This claim is asserted pursuant to Mass. Gen. L. c. 151 § 20.

### JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Rule 23 of the Massachusetts Rule of Civil Procedure;

2. Restitution for all damages due to the Plaintiffs and other class members because of their misclassification as independent contractors and related wage law violations;

3. An injunction ordering Coverall to cease its unlawful practices;

4. Statutory trebling of all damages;

5. Attorneys' fees and costs; and

6. Any other relief to which the plaintiffs and class members may be entitled.

> Respectfully submitted,
> AUGUSTA COOKS, on behalf of himself and all others similarly situated,
>
> By their attorneys,
>
> /s/ Shannon Liss-Riordan
> Shannon Liss-Riordan, BBO #640716
> LICHTEN & LISS-RIORDAN, P.C.
> 100 Cambridge Street, 20th Floor
> Boston, MA 02114
> (617) 994-5800

Dated: July 1, 2013

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. 13-2373 |
|---|---|---|
| PLAINTIFF(S) Augusta Cooks, et al. | | DEFENDANT(S) Coverall North America, Inc. and Coverall of Boston, Inc. |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO#

Shannon Liss-Riordan
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
BBO #640716

Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.     TYPE OF ACTION (specify)     TRACK

A99 Other (specify) - Fast Track

IS THIS A JURY CASE?
☒ Yes  ☐ No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses                                    $_____
 2. Total doctor expenses                                      $_____
 3. Total chiropractic expenses                                $_____
 4. Total physical therapy expenses                            $_____
 5. Total other expenses (describe)                            $_____
                                                    Subtotal  $_____
B. Documented lost wages and compensation to date             $_____
C. Documented property damages to date                         $_____
D. Reasonably anticipated future medical expenses              $_____
E. Reasonably anticipated lost wages and compensation to date  $_____
F. Other documented items of damages (describe)
                                                               $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)


                                                    Total $_____

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                    TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     Date: Jul 1, 2013
A.O.S.C. 3-2007