UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AUGUSTA COOKS, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC., and COVERALL OF BOSTON, INC.,<br><br>    Defendants. | Civil Action No. 13-cv-11802 (WGY) |

**COVERALL NORTH AMERICA, INC. AND COVERALL OF BOSTON, INC.'S MOTION TO DISMISS COUNTS I AND II OF COMPLAINT**

Coverall North America, Inc. and Coverall of Boston, Inc. (collectively, "Coverall") move pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss Counts I and II of plaintiff Augusta Cooks's Complaint. This Court should dismiss Counts I and II, which Cooks has brought under M.G.L. c.148, § 150, because Cooks fails to allege under § 150 that he has informed the Massachusetts Attorney General of his claim and has either waited the required period for the Attorney General to file suit or received the Attorney General's written assent to proceed with a private action.

In further support of this motion, Coverall states as follows:

1. Plaintiff Cooks filed this action in Suffolk Superior Court on July 1, 2013. Coverall removed Cooks's Complaint to this Court on July 30, 2013.

2. In Counts I and II of his Complaint, Cooks has asserted claims for "misclassification as independent contractors – Mass. Gen. L. c. 149 § 148B" and "Wage Act

violations – Mass. Gen. L. c. 149, § 148." He asserts that c.149, § 150 gives him the right to bring both claims. *See* Complaint, Counts I-II.

3.  Section 150 provides in part that "[a]n employee claimed to be aggrieved by a violation of sections…148 [and] 148B…may, *90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing*…institute and prosecute in his own name and on his own behalf…a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits."

4.  Cooks has not alleged that he has filed a complaint with the Attorney General, let alone pleaded that he has waited "90 days after the filing" of that complaint or received the Attorney General's assent to file his Complaint sooner. This Court thus should dismiss Counts I-II for failing to allege § 150's prerequisites for suits under that statute.

FOR THESE REASONS, Coverall North America, Inc. and Coverall of Boston, Inc. ask this Court to dismiss Counts I and II of August Cooks's Complaint.

**COVERALL NORTH AMERICA, INC. and COVERALL OF BOSTON, INC.,**

By their attorneys,

 /s/ Michael D. Vhay
Michael D. Vhay (BBO No. 566444)
FERRITER SCOBBO & RODOPHELE, PC
125 High Street
Boston, MA  02110
(617) 737-1800

Matthew J. Iverson (BBO No. 653880)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000

                                    <u>Of counsel:</u>

                                    Norman M. Leon
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL  60601
(312) 368-4000

Dated: August 6, 2013

**Local Rule 7.1 Certification**

     I hereby certify that on August 5, 2013, I conferred with counsel for plaintiff Augusta Cooks in a good-faith effort to resolve or narrow the issues presented in this motion.

                                                      /s/ Michael D. Vhay

**Certificate of Service**

     I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on August 6, 2013.

                                                      /s/ Michael D. Vhay

Q:\MDV\211213020\Documents\Pleadings\Coverall-M-Dismiss.Docx