## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AUGUSTA COOKS, on behalf of himself and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs ) ) | Civil Action No. 13-cv-11802-WGY |
| v. ) ) | |
| COVERALL NORTH AMERICA, INC., ) and COVERALL OF BOSTON, INC., ) ) | |
| Defendants. ) ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

## I.    INTRODUCTION

1.      Plaintiff brings this action on behalf of himself and all other individuals who have purchased cleaning "franchises" from Defendant Coverall North America, Inc. and/or Coverall of Boston, Inc. and/or Coverall of Worcester ("Coverall") and, since July 2010, have performed cleaning services for Coverall in Massachusetts.  As set forth below, Coverall has improperly misclassified its cleaning workers as independent contractors in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B.  In this action, the above-named plaintiff seeks to recover, on his own behalf and on behalf of all similarly situated individuals, compensation for Coverall's violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B and

related wage law violations, statutory trebling of damages, and attorneys' fees and costs, as provided for by law.

## II.    PARTIES

2.     Plaintiff Augusta Cooks is an adult resident of Malden, Massachusetts.  He performed cleaning services for Coverall in Massachusetts from approximately 1995 to until 2012.

3.     This is a class action that the named plaintiff brings on his own behalf and on behalf of all others similarly situated, namely all other individuals who have purchased cleaning "franchises" from Defendant Coverall North America, Inc. and/or Coverall of Boston, Inc. and/or Coverall of Worcester ("Coverall") and, since July 2010, have performed cleaning services for Coverall in Massachusetts.  This class is certifiable pursuant to Mass. Gen. L. c. 149 § 150 and also meets all of the requirements of Rule 23 of the Massachusetts Rule of Civil Procedure.

4.     Defendant Coverall North America, Inc. is a Delaware corporation with its principal place of business in Boca Raton, Florida.

5.     Defendant Coverall of Boston, Inc. is a Massachusetts corporation that is a regional office or affiliate of Coverall North America, Inc. and carries out Coverall's operations in Massachusetts out of its office in Stoneham, Massachusetts.

## III.    STATEMENT OF FACTS

6.     Coverall North America, Inc. (both itself and through its regional offices and affiliates, including Coverall of Boston, Inc. and Coverall of

Worcester) employs thousands of cleaning workers across the United States to perform cleaning work for customers who negotiate cleaning services accounts with Coverall.  Hundreds of these cleaning workers, including the above-named plaintiff, have worked out of the Boston or Worcester offices.

7.     Coverall requires its cleaning workers to sign standard-form "franchise agreements" in order to obtain work, and classifies the cleaning workers as independent contractor "franchisees."

8.     Pursuant to these standard-form franchise agreements, workers pay substantial sums of money as "franchise fees" (ranging from approximately $6,000 to more than $30,000) in order to obtain cleaning work.

9.     In exchange for these large franchise fees, Coverall purports to guarantee a certain level of monthly income from cleaning accounts beginning after the workers have made down payments to purchase their franchise and completed their training period.

10.     However, the workers typically do not receive the level of income they were promised or had expected when they paid these "franchise fees". Systematically, Coverall cleaning workers do not receive sufficient or adequate work as promised to produce the guaranteed level of income.

11.     Coverall purports to classify its cleaning workers as independent contractors.  However, these workers are in fact employees under Mass. Gen. L. c. 149 § 148B.

12.     The cleaning workers perform services within Coverall's usual course of business, which is to provide commercial cleaning services to customers.

13.     Also, Coverall instructs the cleaning workers in how to do their work.

14.     The cleaning workers generally do not work in an independently established trade, occupation, profession, or business.

15.     Coverall retains the exclusive right to perform all billing and collection for cleaning services provided by the cleaning workers and to deduct any fees from these collections before remitting payment to workers.

16.     All cleaning customers must enter into cleaning contracts with Coverall.

17.     Coverall claims to have developed "as the result of the expenditure of time, skill, effort, and money" the cleaning system used by its cleaning workers.

18.     Coverall provides training on cleaning techniques to its workers and provides them with uniforms and identification badges.

19.     Coverall receives a percentage of the revenue earned on all work performed by the cleaning workers.

20.     Pursuant to Coverall's franchise agreement, the cleaning workers are required to perform cleaning services exclusively for Coverall's clients.

21.     The federal court has granted summary judgment in favor of the Coverall workers (in a certified class action) on their claim that they have been misclassified under the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 §148B, ruling that the individuals who perform cleaning services for Coverall

in Massachusetts are Coverall's employees as a matter of law.  Awuah v. Coverall

North America, Inc., 707 F.Supp.2d 80 (D. Mass. 2010).

22.     Similarly, the Massachusetts Supreme Judicial Court ruled in 2006

that a Coverall cleaning worker was an employee of Coverall and thus was

eligible for unemployment compensation upon the loss of her job, in Coverall

North America, Inc. v. Com'r of Div. of Unemployment Assistance, 447 Mass.

852 (2006).

23.     Because of their misclassification by Coverall as independent

contractors, the cleaning workers have not received the compensation and other

benefits that inure from the employment relationship under law.

24.     For example, Coverall's cleaning workers have to pay Coverall for

the cleaning work they receive, through initial franchise fees (down payments

and promissory note payments) and additional business fees, often totaling

thousands of dollars.

25.     Additionally, Coverall makes numerous deductions from its cleaning

workers' pay, which constitute improper deductions from wages.  These are

payments that employees should not be required to make.  For example,

Coverall deducts insurance payments, interest payments on promissory notes,

payments for cleaning supplies, etc.

26.     Coverall's cleaning workers are not guaranteed the minimum wage

for the work they perform, and they do not receive one and one-half times their

regular rate for hours worked in excess of 40 hours per week.

27.     Coverall also withholds workers' pay (and/or requires workers to pay Coverall back for previously performed work) when it contends that Coverall clients have not paid their bills.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

28.     Pursuant to the administrative process set forth in Mass. Gen. L. c. 149 §150, Plaintiff has filed his claim with the Office of the Attorney General and has received a right to sue letter from the Attorney General.

## COUNT I

### Misclassification as independent contractors
### Mass. Gen. L. c. 149 §148B

Coverall has knowingly and willfully misclassified its cleaning workers in Massachusetts as independent contractors instead of employees, in violation of the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 §148B. This claim is asserted pursuant to Mass. Gen. L. c. 149 §150.

## COUNT II

### Wage Act violations – Mass. Gen. L. c. 149 § 148

Coverall has knowingly and willfully violated the Wage Act, in that, e.g., Coverall charged its workers for a job (in the form of franchise fees and additional business fees), made unlawful deductions from their paychecks and required them to pay fees and expenses that they should not have had to pay as employees (such as for insurance, supplies, etc.), and did not timely pay them for their work, in violation of Mass. Gen. L. c. 149 § 148.  This claim is asserted pursuant to Mass. Gen. L. c. 149 §150.

## COUNT III

### Minimum wage and overtime – Mass. Gen. L. c. 151 §§ 1, 1A

Coverall has knowingly and willfully failed to pay its workers in Massachusetts minimum wage and overtime for all work performed in excess of 40 hours per week, in violation of Mass. Gen. L. c. 151 §§ 1 and 1A.  This claim is asserted pursuant to Mass. Gen. L. c. 151 § 20.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Rule 23 of the Massachusetts Rule of Civil Procedure;

2. Restitution for all damages due to the Plaintiffs and other class members because of their misclassification as independent contractors and related wage law violations;

3. An injunction ordering Coverall to cease its unlawful practices;

4. Statutory trebling of all damages;

5. Attorneys' fees and costs; and

6. Any other relief to which the plaintiffs and class members may be entitled.

Respectfully submitted,
AUGUSTA COOKS, on behalf of himself
and all others similarly situated,


By their attorneys,


 _/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Elizabeth Tully, BBO #685855
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated: October 15, 2013


## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2013, a copy of this document was served by electronic filing on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.