UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
AUGUSTA COOKS, on behalf of himself  )
and all others similarly situated,           )
                                   )
               Plaintiffs,    )
                                   )
              v.              )     Civil Action No. 13-cv-11802 (WGY)
                                   )
COVERALL NORTH AMERICA, INC.,   )
and COVERALL OF BOSTON, INC.,    )
                                   )
             Defendants.   )
_____ )

**ANSWER OF COVERALL NORTH AMERICA, INC. TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Coverall North America, Inc. ("CNA"), as and for its Answer to the First

Amended Class Action Complaint of Plaintiff Augusta Cooks (the "Complaint"), states as

follows:

**<u>First Affirmative Defense</u>**

The Complaint fails to state a claim upon which relief may be granted.

**<u>Second Affirmative Defense</u>**

Cooks' claims are barred because CNA has fulfilled all of its obligations and duties under

Cooks' Janitorial Franchise Agreement.

**<u>Third Affirmative Defense</u>**

Cooks' claims are barred by his failure to comply with his contractual obligations and

duties to CNA.

### Fourth Affirmative Defense

Cooks' claims are barred because he has received from CNA everything that he is contractually entitled to receive.

### Fifth Affirmative Defense

Cooks' claims are barred by the doctrine of laches.

### Sixth Affirmative Defense

Cooks' claims are barred by the statute of limitations.

### Seventh Affirmative Defense

Some of Cooks' claims duplicate those raised in *Awuah v. Coverall North America Inc.,* Civil Action No. 07-10287, and thus he is barred from presenting them in this action.

### Eighth Affirmative Defense

CNA has valid set-offs against Cooks' claims.

### Ninth Affirmative Defense

Cooks' claims against CNA are barred because CNA did not know that he was performing services but not receiving the minimum wage, or that he was working overtime.

### Tenth Affirmative Defense

Cooks' claims against CNA are barred because Cooks failed to report to Coverall of Boston, Inc. the hours Cooks personally provided services.

### Eleventh Affirmative Defense

Cooks is estopped from bringing his claims for minimum wage and overtime.

### Twelfth Affirmative Defense

Cooks' claims for overtime compensation are barred because he is a business owner or otherwise provided services in an executive capacity.

**Thirteenth Affirmative Defense**

Cooks lacks standing to make any claims on behalf of any franchise owner who has agreed to arbitrate his disputes with CNA.

**Fourteenth Affirmative Defense**

Cooks lacks standing to make any claims on behalf of anyone who purchased a Coverall franchise from R&B Services, Inc., d/b/a Coverall of Worcester.

**Fifteenth Affirmative Defense**

For its Fifteenth Affirmative Defense, CNA responds to the specific allegations of the Complaint as follows:

1.     CNA denies the allegations of ¶ 1 of the Complaint.

2.     CNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of ¶ 2 of the Complaint, and therefore denies those allegations.  CNA admits that Cooks is a former Coverall franchise owner, but otherwise denies the allegations of the second sentence of ¶ 2 of the Complaint.

3.     CNA denies the allegations of ¶ 3 of the Complaint.

4.     CNA admits that it is a Delaware corporation, but denies that its principal place of business is Boca Raton, Florida.

5.     CNA admits that Coverall of Boston, Inc. is an affiliate of CNA that operates a Coverall support center in Stoneham, Massachusetts.  CNA denies the remaining allegations of ¶ 5 of the Complaint.

6.     CNA denies the allegations of ¶ 6 of the Complaint.

7.      CNA admits that Coverall franchise owners are required to sign a standard-form franchise agreement before acquiring a Coverall franchise.  CNA denies the remaining allegations of ¶ 7 of the Complaint.

8.      CNA admits that pursuant to their franchise agreements, franchise owners pay a franchise fee to acquire a Coverall franchise.  CNA denies the remaining allegations of ¶ 8 of the Complaint.

9.      CNA denies the allegations of ¶ 9 of the Complaint, and further states that the franchise agreements that Coverall franchise owners sign are the best evidence of their respective terms.  CNA denies any and all allegations and conclusions inconsistent therewith.

10.     CNA denies the allegations of ¶ 10 of the Complaint.

11.     CNA admits that, for certain purposes, CNA classifies some Coverall franchise owners as independent contractors.  CNA denies the remaining allegations of ¶ 11 of the Complaint.

12-14.  CNA denies the allegations of ¶¶ 12-14 of the Complaint.

15.     CNA states that its franchise owners' franchise agreements are the best evidence of CNA's rights thereunder, and CNA denies any and all allegations and conclusions inconsistent therewith.

16.     CNA denies the allegations of ¶ 16 of the Complaint.

17.     CNA admits that it has developed, as the result of the expenditure of time, skill, effort, and money, the cleaning system used by Coverall franchise owners.  CNA denies the remaining allegations set forth in ¶ 17 of the Complaint.

18.     CNA admits that it provides training on cleaning techniques to some Coverall franchise owners and provides them with uniforms and identification badges.  CNA denies the remaining allegations set forth in ¶ 18 of the Complaint.

19.     CNA admits that it receives a percentage of the revenue earned on work performed by some Coverall franchises.  CNA denies the remaining allegations set forth in ¶ 19 of the Complaint.

20.     CNA denies the allegations in ¶ 20 of the Complaint.

21.     CNA states that the federal court's opinion in *Awuah v. Coverall North America, Inc.*, 707 F.Supp.2d 80 (D.Mass. 2010), speaks for itself.

22.     CNA states that the Supreme Judicial Court's decision in *Coverall North America, Inc. v. Comm'r of Div. of Unemployment Assistance,* 447 Mass. 852 (2006), speaks for itself.  Answering further, CNA states that the Internal Revenue Service determined that the franchise owner who was the subject of the Supreme Judicial Court's decision was an independent contractor.

23.-24. CNA denies the allegations of ¶¶ 23-24 of the Complaint.

25.     CNA admits that it receives from some Coverall franchise owners such payments as are authorized by the franchise owner's franchise agreement.  CNA denies the remaining allegations set forth in ¶ 25 of the Complaint.

26.-27. CNA denies the allegations of ¶¶ 26-27 of the Complaint.

28.     CNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 28 of the Complaint, and therefore denies those allegations.

## Count I

CNA denies the allegations of Count I of the Complaint.

**Count II**

CNA denies the allegations of Count II of the Complaint.

**Count III**

CNA denies the allegations of Count III of the Complaint.

**FOR THESE REASONS,** Coverall North America, Inc. requests:

A.      Judgment in its favor and against Augusta Cooks on all Counts of the Complaint;

B.      An award of its costs and expenses, including attorneys' fees, incurred herein; and

C.      That this Court grant such other and further relief as is just and appropriate.


                        **COVERALL NORTH AMERICA, INC.**

                        By its attorneys,


                        ___/s/ Michael D. Vhay_____
                        Michael D. Vhay (BBO No. 566444)
                        FERRITER SCOBBO & RODOPHELE, PC
                        125 High Street
                        Boston, MA  02110
                        (617) 737-1800

                        Matthew J. Iverson (BBO No. 653880)
                        DLA PIPER LLP (US)
                        33 Arch Street, 26th Floor
                        Boston, MA  02110-1447
                        (617) 406-6000

                        Norman M. Leon
                        DLA PIPER LLP (US)
                        203 North LaSalle Street, Suite 1900
                        Chicago, IL  60601
                        (312) 368-4000

Dated: October 29, 2013

## **Certificate of Service**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing ("NEF") and that paper copies will be sent to those indicated as non-registered participants on October 29, 2013.


_____/s. Michael D. Vhay_____


Q:\MDV\211213020\Documents\Pleadings\10.21.13 VAM Draft CNA Answer.Docx